| | | |
|---|---|---|
| IN THE UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF SOUTH CAROLINA<br>CHARLESTON DIVISION | | |
| KATHRYN DUVALL,<br><br>                    Plaintiff,<br><br>vs.<br><br>HONEYWELL TECHNOLOGY<br>SOLUTIONS, INC and<br>HONEYWELL INTERNATIONAL,<br>INC.,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C/A NO:  2:06-cv-3544<br><br><br>DEFENDANTS' REPLY TO PLAINTIFF'S<br>MEMORANDUM IN OPPOSITION TO<br>DEFENDANTS' MOTION FOR SUMMARY<br>JUDGMENT |

COME NOW, Defendants, Honeywell Technology Solutions, Inc. and Honeywell International, Inc. ("Defendants") and file the following Reply ("Reply") to Plaintiff Kathryn Duvall's Memorandum in Opposition to Defendants' Motion for Summary Judgment ("Plaintiff's Memorandum").  In support hereof, Defendants state as follows:

### I.     Plaintiff's Memorandum Was Not Timely Filed

Plaintiff's Memorandum was filed out of time and without leave of Court granting an extension.  Defendants' Motion for Summary Judgment was filed via the CM/ECF electronic filing system on November 30, 2007.  Plaintiff's response to Defendants' motion was due by December 18, 2007, pursuant to the Notice of Electronic Filing provided by the CM/ECF system, and in accordance with Local Civil Rule 7.06 and Fed. R. Civ. P. 6(a).  Plaintiff filed her Memorandum in Opposition to Defendants' Motion for Summary Judgment on December 19, 2007 without asking the Court for leave to file this memorandum out of time and without providing any good cause for the lack of adherence to the deadline.  As a consequence, Plaintiff's Memorandum should be not be considered

by the Court.

## II. Plaintiff's Memorandum Fails to Establish Any Triable Issues of Fact

Plaintiff's Memorandum fails to demonstrate that there are genuine issues of material fact that could be tried to a jury in this case. Defendants file this Reply in order to point out the instances where Plaintiff has resorted to creating and mischaracterizing the record in order to create the illusion of genuine issues of material fact where none exist. Summary judgment for Defendants is warranted therefore because Plaintiff has failed to offer any evidentiary support that Defendant Honeywell Technology Solutions Inc.'s ("HTSI") statements to the Defense Security System contained in the Adverse Information Report regarding Plaintiff was not subject to either an absolute or qualified privilege.

### A. HTSI's Statements Regarding Plaintiff Do Not Constitute Slander by Insinuation

Plaintiff cites *Tyler v. Macks Stores of South Carolina, Inc*., 272 S.E. 2d 633 (S.C. 1980) in her memorandum, for the proposition that a defamatory insinuation may be made by actions or conduct as well as by publication. In *Tyler*, the Respondent contended that his discharge, shortly following the administration of a polygraph test, gave his fellow employees the belief he had been discharged for some wrongful activity. In this matter, although Plaintiff believes the fact that her security clearance was "flagged" caused some of her business acquaintances to think of her differently, she has repeatedly failed to identify any of these business acquaintances that had knowledge of: her security clearance being "flagged;" the contents of the Adverse Information Report or termination letter (Pl.'s Dep. at 33-37, 56-63); the existence of an Adverse Information Report regarding Plaintiff (Pl.'s Dep. at 53-54.) There can be no defamatory insinuation

2

when Plaintiff cannot identify that anyone even knew she was the subject of an Adverse Information Report. There is no insinuation that can be had regarding her termination if Plaintiff cannot establish that anyone had knowledge of the conduct from which the insinuation is alleged to be derived. Plaintiff's argument in this regard is complete speculation.

The Fourth Circuit has routinely held that unsupported speculation is not sufficient to defeat a summary judgment motion. *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987); *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364 (4th Cir. 1985). Furthermore, "an apparent dispute is not 'genuine' within the contemplation of the summary judgment rule unless the non-movant's version is supported by sufficient evidence to permit a reasonable jury to find the fact in his favor." *Stone v. University of Maryland Medical System Corp.*, 855 F.2d 167, 174 (4th Cir. 1988). Plaintiff simply has not provided any evidentiary support that anyone knew of the existence of the Adverse Information Report or the circumstances surrounding her termination. As a consequence, Plaintiff cannot create a material issue of fact regarding defamatory publication by insinuation. Plaintiff has also admitted she has no knowledge of any direct statement of a defamatory nature to anyone other than the government, (Plaintiff's Memorandum at p. 2). As Plaintiff cannot establish publication other than the communication that was subject to either an absolute or qualified privilege, her claim for defamation must fail.

### B. The Statements Made in the Adverse Information Report Were Subject to an Absolute Privilege

Plaintiff's Memorandum argues that the language of the cited National Industrial Security Program Operations Manual ("NISPOM") regulation somehow demonstrates

3

that absolute privilege is not an appropriate protection for information contained within an Adverse Information Report.  This argument is based upon a distinction between Adverse Information Reports regarding adverse character and integrity issues versus Adverse Information Reports regarding a suspected loss or compromise of classified information – a distinction that does not appear in the NISPOM.  HTSI, as a government contractor, is subject to the requirements of NISPOM and has a duty to report adverse information to the Defense Security System if it becomes aware of "[a]ny information that adversely reflects on the character and integrity of a cleared employee . . . ."  (*See* Exhibit B to Defendants' Memorandum in Support of Motion for Summary Judgment).  Clearly HTSI had a requirement under NISPOM to report irregularities regarding the manner in which Plaintiff and others under her supervision charged time to government projects since this conduct directly reflects upon Plaintiff's integrity and character.  Plaintiff has offered no evidence that the Adverse Information Report was comprised of "rumor and innuendo" other than stating so in Plaintiff's Memorandum.

The United States District Court for the District of South Carolina found absolute privilege was warranted in a situation analogous to this case.  *See Johnson v. Indep. Life & Acc. Ins. Co.*, 94 F. Supp. 959 (D.S.C. 1952).  In *Johnson*, the District Court found that an insurance company's report to the South Carolina Department of Insurance, a government agency, regarding the character and fitness of an insurance agent was entitled to absolute privilege.  As Plaintiff has failed to produce any competent evidence that the Adverse Information Report contained information other than what was required to be reported to the government pursuant to the requirements of NISPOM, Defendants are likewise entitled to rely upon an assertion of absolute privilege.

4

### C. Defendants Did Not Waive the Affirmative Defense of Absolute Privilege by Failing to Specifically Plead it in the Answer to Plaintiff's Complaint

Defendants' fourth affirmative defense asserted in the Answer to Plaintiff's Complaint states as follows: "The alleged defamatory statements at issue were subject to a qualified privilege, thereby barring a cause of action for defamation." Defendants' ninth affirmative defense states the following: "Defendants reserve the right to rely upon such other affirmative defenses as the evidence may show through course of discovery." Plaintiff's deposition, after several cancellations by Plaintiff, took place over a three day period on October 26, 2007, October 31, 2007 and November 1, 2007. It was not until the time Plaintiff was deposed that Defendants discovered the sole factual basis for her claim for defamation was the information contained in the Adverse Information Report. (Pl.'s Dep. at 35.) Until Plaintiff revealed this in discovery, Defendants were unaware of what specific evidence Plaintiff relied upon in support of her cause of action for defamation. It was only when Plaintiff testified that the Adverse Information Report supplied the only factual basis for her defamation claim, that the defense of absolute privilege became appropriate.

Plaintiff, relying on Fed. R. Civ. P. 8(c), argues that Defendants waived the defense of absolute privilege by failing to plead it as an affirmative defense in the Answer. However, Plaintiff fails to consider the obligations Defendants had under Fed. R. Civ. P. 8(e) to ensure that all affirmative defenses pled in the Answer conformed to the requirements of Fed. R. Civ. P. 11. At the time Defendants' Answer was filed, Defendants had no basis to assert the affirmative defense of absolute privilege because Defendants could not represent to the Court, based on the information available at that time, that the statements alleged to be defamatory by Plaintiff warranted that defense.

5

Plaintiff's deposition testimony revealed the applicability of the defense of absolute privilege, and Defendants assert their ninth affirmative defense specifically addresses Defendants' right to rely on "such other affirmative defenses as the evidence may show through course of discovery."

Additionally, Plaintiff claims that she suffered prejudice by not receiving notice of this affirmative defense before the discovery period had concluded, depriving her of "the opportunity to inquire into facts relevant to the policy considerations as to absolute privilege." (Plaintiff's Memorandum at p. 11.) However, Plaintiff, and only Plaintiff, was aware from the beginning of this action that the Adverse Information Report was the sole factual basis for her claim for defamation. Plaintiff admitted she received a copy of the Adverse Information Report sometime in late February of 2005. (Pl.'s Dep. at 100-101.) At that time, Plaintiff would have had all the information necessary to ascertain what witnesses needed to be deposed and what other discovery was necessary to be conducted regarding the Adverse Information Report.

Plaintiff did not notice the deposition of a single witness in this matter, and to Defendants' knowledge, Plaintiff did not subpoena any documents from the Defense Security System or pursue any other related discovery. In fact, Defendants filed at least two motions for dismissal of Plaintiff's claims based on Plaintiff's failure to prosecute this action and failure to meaningfully participate in the discovery process in this matter. It is wholly disingenuous for Plaintiff to now claim prejudice resulting from a loss of opportunity to inquire into facts in discovery when Plaintiff pursued no meaningful discovery in this matter other than one set of vague and routine interrogatories and production requests propounded to Defendants only. As Plaintiff can demonstrate no

6

prejudice to her case, Defendants should be entitled to rely on the affirmative defense of absolute privilege learned of during the course of discovery.

### D. Even if the Court Rejects the Contention That Statements Made in the Adverse Information Report Were Subject to an Absolute Privilege, the Statements Were Subject to a Qualified Privilege That Was Not Abused

Plaintiff concedes that the statements HTSI made in the Adverse Information Report were subject to a qualified privilege. (Plaintiff's Memorandum at p.3.) Plaintiff argues however, that HTSI acted with actual malice and exceeded the scope of the privilege. Plaintiff's argument for a finding of actual malice centers around a paranoid theory proffered by Plaintiff that HTSI was for some reason seeking to destroy her career. Plaintiff offers no credible evidence of malice other than innuendo and speculation regarding the motives of her supervisors at HTSI. Plaintiff testified in her deposition as follows: "John Samios did not like me and he was trying to finish off the job that Scott Ledwell started." (Pl.'s Dep. at 121.) Unfortunately for Plaintiff, her opinion regarding whether or not her supervisors liked her is not enough to establish actual malice.

The facts are not in dispute. HTSI had a duty to report the adverse information it learned about Plaintiff pursuant to its contractual obligations under NISPOM. The communication in the Adverse Information Report was limited to the appropriate personnel. Plaintiff implicitly acknowledges this fact by her failure to identify anyone outside of those with an interest and duty regarding the information contained in the Adverse Information Report that had any knowledge of the information contained therein. The fact that the communication was so limited and was made pursuant to the requirements of NISPOM indicates an absence of actual malice, and Plaintiff has failed to proffer any evidence to establish otherwise. While determinations of ill will and common

7

law malice in defamation cases are generally reserved for a jury, it is for the court to decide whether or not a qualified privilege has been abused or exceeded if there is no evidence in the record to support a contrary conclusion. *See Woodward v. South Carolina Farm Bureau Insurance Co.*, 277 S.C. 29, 33, 282 S.E. 2d 599, 601 (1981); *accord Straitwell v. National Steel Corp.,* 869 F.2d 248, 250 (4th Cir. 1989); *accord Richmond Television Corp. v. United States*, 354 F.2d 410, 414 (4th Cir. 1965). Plaintiff has offered no evidence other than her own opinion to support the conclusion that HTSI acted with actual malice or exceeded the scope of its authority; as a consequence, Defendants are entitled to rely upon a qualified privilege with respect to the Adverse Information Report, and Plaintiff's claim for defamation must fail.

## Conclusion

For the foregoing reasons and for the reasons included in Defendants' Memorandum in Support of Motion for Summary Judgment, Defendants are entitled to summary judgment on plaintiff's defamation claim because Defendants' communication was subject to either an absolute or qualified privilege, and Plaintiff has failed to offer any material evidence to the contrary. Defendants therefore respectfully request that this Court grant Defendants' Motion for Summary Judgment, dismiss this case with prejudice, and award Defendants the costs associated with defending this action.

Dated this 27th day of December, 2007.

>Respectfully submitted,
>s/ *Benjamin P. Glass*
>Benjamin P. Glass (Fed. ID #6522)
>Linda A. Seabrook (Fed. ID #9500)
>
>Attorneys for Defendants

8

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
211 King Street, Suite 200
Post Office Box 1808 (29402)
Charleston, South Carolina 29401
Telephone: (843) 853-1300
Facsimile:  (843) 853-9992
ben.glass@odnss.com
linda.seabrook@odnss.com